# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| United States of America, | ) |
| | ) Criminal Action No.: 8:11-cr-02356-JMC-1 |
| v. | ) |
| | ) **ORDER AND OPINION** |
| Kevin Jerome McHaney, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

This matter is before the court on Defendant Kevin Jerome McHaney's Motion to Reduce Sentence filed on May 26, 2020. (ECF No. 949.) After reviewing the Motion, pertinent law, and the record, the court **DENIES** Defendant's Motion to Reduce Sentence (ECF No. 949) without prejudice.

## I. FACTUAL AND PROCEDURAL HISTORY

On December 13, 2011, the Grand Jury indicted Defendant on multiple counts. (ECF No. 3.) On May 15, 2012, Defendant pled guilty to Count One of the Second Superseding Indictment: "knowingly and intentionally did combine, conspire and agree with each other and others, both known and unknown to the grand jury, to knowingly, intentionally and unlawfully possess with intent to distribute cocaine and cocaine base (commonly known as 'crack' cocaine), both Schedule II controlled substances, said conspiracy involving five (5) kilograms or more of cocaine and twenty-eight (28) grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) [,] (b)(1)(A)," and § 846. (ECF Nos. 290, 412.) On November 20, 2012, the court sentenced Defendant to one hundred eighty (180) months of imprisonment followed by ten (10) years of supervised release. (ECF No. 567.) On July 14, 2015, Defendant's sentence was reduced to one hundred sixty-one (161) months. (ECF No. 831.)

Defendant is currently incarcerated at FCI Yazoo City Low, serving the last forty-eight (48) months of his sentence. (ECF No. 949 at 2.) During Defendant's imprisonment, on March 11, 2020, the World Health Organization characterized COVID-19, also known as the new coronavirus, as a pandemic. Two days later, on March 13, 2020, the President of the United States officially declared a national emergency due to the virus. On May 26, 2020, Defendant filed this *pro se* Motion to Reduce Sentence, pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), due to COVID-19. (ECF No. 949.)

## II.  LEGAL STANDARD

Pursuant to 18 U.S.C. § 3582(c), a court may not modify a term of imprisonment once it has been imposed except:  (1) upon the motion of the Director of the Bureau of Prisons ("BOP"), or upon motion of the defendant under limited circumstances, after considering extraordinary and compelling reasons in relation to policy statements issued by the Sentencing Commission; (2) upon motion of the Government pursuant to Rule 35 of the Federal Rules of Criminal Procedure; or (3) when a defendant has been sentenced based on a sentencing range that has subsequently been lowered by the Sentencing Commission. In this case, to warrant a sentence reduction, Defendant must prove he has exhausted administrative remedies within the BOP, as well as present "extraordinary and compelling reasons" for the modification of his sentence. 18 U.S.C. § 3582(c)(1)(A)(i).

## III.     ANALYSIS

Defendant seeks modification of his sentence under the compassionate release provision of 18 U.S.C. § 3582(c)(1)(A)(i). This provision allows defendants, not only the Director of the BOP, to file a motion for reduction of sentence after "exhaust[ing] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse

of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A)(i).

Here, Defendant filed an Inmate Request to Staff Form to his case manager on April 22, 2020, seeking review for house arrest and asserting he fits "all requirements that the BOP asks." (ECF No. 949-1.) This request was denied on April 24, 2020 (*id.*), and the record does not indicate that Defendant appealed this decision, or took any further actions. A request for release to house arrest is different from a request for compassionate release under § 3582(c). Defendant has not shown that he has exhausted all administrative rights. Therefore, because Defendant has not met the exhaustion requirement for the court to consider his Motion, he is not entitled to relief.

In Defendant's Response in Support of the Motion, he requests the court to excuse the exhaustion requirement because he believes waiting is futile, and unduly prejudicial to him, and the BOP is incapable of granting relief. (ECF No. 991 at 31.) However, because Defendant admits that he does not fit any of BOP's criteria for a sentence reduction (*id.* at 32), the court will not excuse the exhaustion requirement in this case.

Even if Defendant has met the exhaustion requirement, he still is not entitled to relief. A court may reduce a defendant's term of imprisonment if the court finds, that (1) "extraordinary and compelling reasons warrant such a reduction;" and (2) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1)(A)(i). The application notes of U.S.S.G. § 1B1.13 set out conditions and characteristics that qualify as extraordinary and compelling reasons, including:

> (A) Medical Condition of the Defendant.
> (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

(ii) The defendant is—
(I) suffering from a serious physical or medical condition,
(II) suffering from a serious functional or cognitive impairment, or
(III) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
(B) Age of the Defendant. The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

U.S.S.G. § 1B1.13, cmt. n.1(A), (B).

Defendant alleges bronchitis as a serious risk that makes him vulnerable to COVID-19, amounting to an extraordinary and compelling reason for sentence reduction. (ECF No. 949 at 9.) However, Defendant does not provide any medical record of his bronchitis, or that his bronchitis substantially diminishes his ability to provide self-care within the environment of a correctional facility. The Presentence Investigation Report also suggests that Defendant is not under the care of a physician, and not taking any prescribed medications. (ECF No. 438 at 20 ¶ 104.) Despite that Defendant's mother claims he suffers from asthma, no additional information or records were provided to support this claim. (*Id.*) Moreover, bronchitis is not a condition identified by the CDC that would place an individual at an increased risk of COVID-19. Center for Disease Control and Prevention, *People of Any Age with Underlying Medical Conditions*, https://www.cdc.Gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html (last visited July 29, 2020).

Furthermore, Defendant is not suffering from a terminal illness with an end of life trajectory, or a serious physical or medical condition that substantially diminishes his ability to provide self-care within a correctional facility. *United States v. Manuel*, No. CR 3:13-479-CMC,

2020 WL 1466000, at *2 (D.S.C. Mar. 26, 2020). As the Government points out in its Response in Opposition, the COVID-19 pandemic does not fall into the above-mentioned categories of medical conditions. (ECF No. 958 at 18.) It is not a specific medical condition afflicting an individual inmate, but a generalized threat to the entire population. Federal circuit and district courts have also ruled against compassionate release based on COVID-19. *See United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release."); *United States v. Eberhart*, Case No. 13-cr-00313-PJH-1, 2020 WL 1450745, at *2 (N.D. Cal. Mar. 25, 2020) ("a reduction of sentence due solely to concerns about the spread of COVID-19 is not consistent with the applicable policy statement of the Sentencing Commission as required by § 3582(c)(1)(A)."). Additionally, Defendant is forty-two (42) years old, significantly below the sixty-five (65) years old minimum age requirement set by U.S.S.G. § 1B1.13, cmt. n.1(A), (B).

In Defendant's Response in Support of the Motion, Defendant claims that the measures the BOP has taken to respond to the COVID-19 outbreak are harsh, ineffective, and insufficient. (ECF No. 991 at 3–14.) However, Defendant ignores the numerous efforts the BOP has made since January 2020, to minimize the risk of COVID-19 transmission into and inside its facilities. (ECF No. 958 at 2–4.) Furthermore, as the Government correctly points out, there are other critical considerations of concern to the BOP, including carrying out its charge to incarcerate sentenced criminals to protect the public. (*Id.* at 5.) The "[BOP] must consider the effect of a mass release on the safety and health of both the inmate population and the citizenry." (*Id.*) Because preventing a COVID-19 spread in prisons and protecting public safety are both important duties of the BOP, it is in a better position than the court to balance these competing interests, and make a decision

on releasing an inmate.

Additionally, in the event that Defendant's Motion can be construed as requesting the court to order him to be transferred to home confinement (ECF No. 949 at 15), the court denies such request.

## IV.  CONCLUSION

For the foregoing reasons, the court **DENIES** Defendant Kevin Jerome McHaney's Motion to Reduce Sentence (ECF No. 949) without prejudice.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

July 29, 2020
Columbia, South Carolina